**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4312**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

CEARA SMITH,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, Senior District Judge.  (4:24-cr-00045-RAJ-LRL-1)

---

Submitted:  April 28, 2026                                  Decided:  April 30, 2026

---

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Mark Bodner, Fairfax, Virginia, for Appellant.  Jacqueline Romy Bechara, Assistant United States Attorney, Meredith Rose Clement, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Alyson Cox Yates, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ceara Smith pleaded guilty, pursuant to a written plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The district court sentenced Smith to 111 months' imprisonment.  On appeal, Smith's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious grounds for appeal but questioning whether the district court committed procedural and substantive error in assessing a two-point enhancement for use of sophisticated means under U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2024).  Smith has not filed a pro se supplemental brief, though she has been notified of her right to do so.  The Government has moved to dismiss the appeal based on the appeal waiver in Smith's plea agreement.  Smith filed an amended response, requesting that this court suspend ruling on the Government's motion to dismiss pending the Supreme Court's determination of the issues presented in *Hunter v. United States*, No. 24-1063.  We dismiss in part and affirm in part.

We first conclude that, with certain exceptions inapplicable here, Smith has waived her right to appeal her convictions and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742.  *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990).  This court reviews the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof.  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver.  *Id.* at 169.  "To determine whether a defendant knowingly and voluntarily agreed

3

to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).  Based on the totality of circumstances in this case, we conclude that Smith knowingly and voluntarily entered her guilty plea and understood the waiver.

We therefore grant the Government's motion to dismiss, in part, and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Smith's plea agreement.  In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none.  Accordingly, we deny the Government's motion, in part, as to any issues falling outside the scope of the appeal waiver, and affirm the criminal judgment in part.[*]

This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review.  If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that

---

[*] Based on our review of the record, we conclude that this appeal may be resolved without awaiting the Supreme Court's decision in *Hunter*.

4

5

a copy thereof was served on Smith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*